IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRAVELERS EXCESS AND SURPLUS LINES COMPANY, *et al.* <br><br> *Plaintiffs* <br><br> v. <br><br> A&H PLUMBING, INC., *et al.* <br><br> *Defendants/Third-Party Plaintiffs* <br><br> v. <br><br> JAVIER CONSTRUCTION CORPORATION <br><br> <u>SERVE ON</u> <br> Celestino Dominguez-Guzman <br> 11801 Forest Knoll Court <br> Bowie, Maryland 20720 <br><br> *Third-Party Defendant* | Civil Action No. 1:22-cv-03617-RBW-GMH |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' THIRD-PARTY COMPLAINT
<u>AGAINST JAVIER CONSTRUCTION CORPORATION</u>**

Defendants A&H Plumbing, Inc. and James G. Davis Construction Corporation (collectively "Defendants"), by and through their undersigned counsel, hereby sue Javier Construction Corporation and allege as follows:

**PARTIES**

1. A&H Plumbing, Inc. ("A&H") is a privately-owned company incorporated in Virginia and has its principal place of business in Virginia. At all times pertinent hereto, A&H provided commercial plumbing services.



2. James G. Davis Construction Corporation ("Davis") is a privately-owned company incorporated in Virginia and has its principal place of business in Maryland. At all times pertinent hereto, Davis served as a general contractor on construction projects, including the project at issue in this case.

3. Javier Construction Corporation ("Javier") is a privately-owned company incorporated in Maryland and has its principal place of business in Maryland. Javier installed the pipes that allegedly failed in this case.

4. Plaintiff Travelers Excess and Surplus Lines Company a/s/o Mill Creek Residential Trust, LLC alleges that it is a corporation organized under the laws of Connecticut and that it has its principal place of business in Connecticut.

5. Plaintiff Mill Creek Residential Trust, LLC alleges that it is a domestic limited liability corporation organized and existing under the laws of the State of Delaware with its principal place of business in Texas.

## **JURISDICTION**

6. The Court has personal jurisdiction over Javier pursuant to D.C. Code § 13-423(a) as Javier transacted business in, and contracted to supply, and did supply, services and labor, in the District of Columbia.

7. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there exists complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Alternatively, the Court has ancillary subject matter jurisdiction.

## FACTS COMMON TO ALL COUNTS

8. The facts giving rise to the Third-Party Complaint arise out of the same allegations that are the subject matter of Plaintiffs' First Amended Complaint (**Exhibit A** hereto), which Defendants adopt and incorporate herein by reference.

9. Plaintiffs allege that on August 4, 2020 and August 9, 2020 domestic water lines at the building located at 1001 4th Street, SW, Washington, DC 20024 ("Property") broke, causing damage to the Property.

10. Plaintiffs allege that the use of an excessive amount of solvent when joining pipe junctions during the installation process caused the pipes at issue to crack, split, separate and fail.

11. Plaintiffs allege that the pipe breaks and resulting damages were caused by carelessness, negligence and recklessness during the installation of the pipes.

12. Defendants deny any liability and deny that Plaintiffs are entitled to recover at all. However, if Plaintiffs sustained the losses and damages alleged, such damages and losses were due to the acts and/or omissions of Javier.

13. Javier subcontracted or agreed with A&H to supply labor and other services related to the construction of the Property.

14. From approximately December 2015 to June 2017, Javier's work on the Property included installing water distribution pipes during the construction of the Property, including the pipes that are alleged to have failed.

15. Neither Davis nor A&H played any role in the installation of the pipes at issue.

16. The pipes at issue failed because of the carelessness, negligence and recklessness of Javier in installing the pipes, including but not limited to the use of an excessive amount of solvent when joining pipe junctions.

17. In installing the pipes, Javier had a duty to use reasonable care and skill and to perform its work in accordance with best industry practices and standards, the instructions of the manufacturers of the pipe and solvent, and all applicable laws, rules, regulation and codes.

18. The pipe failures occurred as a direct and proximate result of Javier's breach of its duties and its negligent acts and/or omissions.

19. If Plaintiffs obtain any judgment against either Defendant, then that Defendant is entitled to judgment against Javier by way of contribution or indemnification.

## COUNT I – Indemnification

20. Defendants adopt and incorporate herein by reference the allegations in Paragraphs 1 through 19 above.

21. The relationship between Javier and the Defendants is such that a duty to indemnify the Defendants may be implied.

22. A&H hired Javier to install the water distribution pipes at the Property and Javier owed a duty to Defendants to perform that work in a professional manner and in accordance with best industry practices and standards, the instructions of the manufacturers of the pipe and solvent, and all applicable laws, rules, regulation and codes.

23. Javier's breach of its duty to Defendants caused Plaintiffs' alleged damages.

24. If either Defendant should be found to be liable to the Plaintiffs, which liability is expressly denied, then Javier is liable to that Defendant for the entire amount of damages recovered against it.

WHEREFORE, A&H Plumbing, Inc. and James G. Davis Construction Corporation demand judgment by way of indemnification against Third-Party Defendant Javier Construction

Corporation for all amounts that either Defendant may be adjudged liable to the Plaintiffs, plus attorneys' fees, costs and expenses.

## COUNT II – Contribution

25. Defendants adopt and incorporate herein by reference the allegations in Paragraphs 1 through 19 above.

26. If either Defendant should be found to be liable to Plaintiffs, which liability is expressly denied, then Javier should be adjudged a joint tortfeasor such that the Defendant is entitled to contribution from Javier for a *pro rata* contributive share of any sum for which the Defendant may be adjudged liable to Plaintiff.

WHEREFORE, A&H Plumbing, Inc. and James G. Davis Construction Corporation demand judgment by way of contribution against Third-Party Defendant Javier Construction Corporation for a *pro rata* contributive share of any sums for which either Defendant may be adjudged liable to Plaintiff, plus attorneys' fees, costs and expenses.

Respectfully submitted,

/s/ *Scott H. Phillips*
Scott H. Phillips, Esq. (#453192)
FRANKLIN & PROKOPIK, P.C.
The B&O Building
Two North Charles Street, Suite 600
Baltimore, Maryland 21201
(410) 230-3576
(410) 752-6868 (fax)
sphillips@fandpnet.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___30th___ day of March 2023, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will then send notification of such filing to all registered CM/ECF participants.

*/s/ Scott H. Phillips*
Scott H. Phillips

6